# Exhibit G

```
                                                                        1

 1                       UNITED STATES DISTRICT COURT

 2                       WESTERN DISTRICT OF NEW YORK

 3

 4

 5     - - - - - - - - - - - - - - X
       IN RE: FISHER-PRICE ROCK 'N       19MD2903
 6     PLAY SLEEPER MARKETING SALES
       PRACTICES, AND PRODUCTS           Rochester, New York
 7                                       September 16, 2019
       LIABILITY LITIGATION,     )           10:00 a.m.
 8     - - - - - - - - - - - - - - X
       Initial Conference
 9

10                        TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE GEOFFREY CRAWFORD
11                    UNITED STATES DISTRICT JUDGE

12                        TERRENCE M. CONNORS, ESQ.
                          KATE G. HOWARD, ESQ.
13                        Connors LLP
                          1000 Liberty Building
14                        Buffalo, New York 14202
                          **Plaintiff's Liaison Counsel**
15
                          DEMET BASAR, ESQ.
16                        DANIEL TEPPER, ESQ.
                          Wolf, Haldenstein, Adler, Freeman & Herz, LLP
17                        270 Madison Avenue
                          New York, New York 10016
18                        **Interim Class Counsel**

19                        JONATHAN A. SORKOWITZ, ESQ.
                          Pierce, Bainbridge, Beck, Price & Hecht, LLP
20                        277 Park Avenue, 45th Floor
                          New York, New York, 10172
21                        **Plaintiff's Executive Committee**

22

23

24     COURT REPORTER:    Karen J. Bush, Official Court Reporter
                          (585) 613-4312
25                        100 State Street
                          Rochester, New York 14614
```

                                                                    30

in re:   Rock 'n Play Sleeper Marketing Sales Practices, Products Liability

     2      say that their product was dangerous and defective.  It would

     3      be -- help me out, Mr. De Recat.  You would agree, for purposes

     4      of class certification, issues related to the dangerousness of

     5      the product are not relevant to the class certification

     6      question?

     7              MR. DE RECAT:  Yes, sir.

     8              THE COURT:  Like that.

     9              MR. DE RECAT:  Yes, yes, that would be saved for

    10      merit discovery and litigation.

    11              THE COURT:  And that would be saved for merits

    12      determination and you're totally free to defend the product on

    13      safety grounds or lack of knowledge of the company, of the

    14      danger risk, whatever it is down the road and you're not -- he

    15      is going to need -- what is fair?  Nothing happens in December.

    16      Six months you get everybody deposed?

    17              MR. DE RECAT:  Please.

    18              ==THE COURT:  And you're not helpless during that==

    19      ==period, either.  You can get whatever discovery that you need==

    20      ==that is fairly related to what I think is the limited class==

    21      ==certification issue of were these client consumer experiences==

    22      ==so different that they can't be linked together in the same==

    23      ==class because everybody had a different subjective expectation==

    24      ==regarding the safety and use of the product and everybody had a==

    25      ==different family routine for when the infant was placed in the==

```
 2   product, questions like that.
 3              MS. BASAR:  Correct, your Honor.  But, you know, I
 4   just want to have some clarity from your Honor and also Defense
 5   Counsel.  If they stipulate we want to establish everything
 6   that we would need to demonstrate to the court --
 7              THE COURT:  Right.
 8              MS. BASAR:  For predominance, and that depends on
 9   different questions, the different claims that we've raised as
10   well.  And we've been focusing on the consumer protection
11   claims.  And for that, we would need, you know, a stipulation
12   or we would need to establish that whatever representations
13   were made, are material.  If Defendants agree, stipulate to
14   that, that, obviously, would, you know, help move the class
15   certification process.
16              THE COURT:  By representations, you mean
17   advertisements?
18              MS. BASAR:  Correct.  And if they say it was
19   common across the board, if damages could be calculated on a
20   class-wide basis across the board.  And if they just narrow it,
21   as your Honor has said, to what Plaintiffs knew, how they used
22   the product, that's fine.  But we likely would, you know,
23   unless they stipulate that every single issue that might come
24   up, you know, can be established on a common basis, and it
25   would be predominant, we've met predominance on commonality, et
```