Exhibit D

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

IN RE:  FISHER-PRICE ROCK 'N PLAY
SLEEPER MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

MDL No. 1:19-md-2903

This Document Relates To:  ALL CASES

## DEFENDANT MATTEL, INC.'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33(b) of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Western District of New York, Defendant Mattel, Inc. ("Mattel" or "Defendant"), by its attorneys, Manatt, Phelps & Phillips, LLP, hereby submits its amended responses to the Plaintiffs' First Set of Interrogatories to Defendant Mattel, Inc. (the "Interrogatories") propounded by Plaintiffs Elizabeth Alfaro, Emily Barton, Linda Black, Luke Cuddy, Rebecca Drover, Megan Fieker, Karen Flores, Nancy Hanson, Jena Huey, Samantha Jacoby, Megan Kaden, Candice Kimmel, Kerry Mandley, Cassandra Mulvey, Joshua Nadel, Melanie Nilius Nowlin, Daniel Pasternacki, Brianna Persons, Jessie Poppe, Katharine Shaffer, Emily Simmonds, Josie Willis, and Renee Wray (collectively "Plaintiffs").

## PRELIMINARY STATEMENT

1.     Discovery is ongoing and Defendant has not yet completed its investigation of the facts relating to this action or its preparation for trial.  These responses are made in good faith and after diligent inquiry into the facts and information now known to Defendant as well as its present analysis of the case.  Defendant anticipates that further discovery, research and analysis may supply additional facts and additional meaning to known facts.  Accordingly, Defendant expressly reserves the right to make such additional or different responses as may be appropriate in light of further investigation.  Nothing in these responses shall limit or waive Defendant's

right to provide additional responses or offer additional evidence at the time of any hearing or trial in this action or to provide information not yet obtained by or known to Defendant.

2.      Each of the responses and objections set forth below are based on Defendant's reasonable understanding of the Interrogatories.  To the extent that Defendant asserts an interpretation of any demand that is inconsistent with the Plaintiffs' understanding, Defendant reserves the right to supplement its objections or responses.

3.      In addition, the following responses are made solely for the purpose of the above-captioned action.  Each response is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality and admissibility) that would require the exclusion of any statement contained herein if the Interrogatories were asked of, or if any statement contained herein was made by, a witness present and testifying at trial. All such objections are reserved and may be interposed at the time of trial.

4.      The following responses are subject to correction for inadvertent errors or omissions, if any such errors or omissions should be found to exist.  Moreover, inadvertent disclosure by Defendant of any documents or information protected by any privilege or immunity does not constitute a waiver of any such privilege or immunity, nor does such production waive any objection, including relevancy, to the admission of any such document or information into evidence.

5.      That any of the Interrogatories have been answered should not be taken as an admission or acceptance of any fact alleged in the Consolidated Amended Complaint or in this litigation, nor should it be construed as an admission that such information is relevant to the subject matter of this litigation or constitutes admissible evidence.

6.      All information contained in these responses is subject to the terms and conditions of the Case Management Order ("CMO") entered by the Court on September 20, 2019 (Dkt. No. 12), and Stipulated Protective Order entered by the Court in this action on October 21, 2019 (Dkt. No. 18) (the "Protective Order").

## GENERAL OBJECTIONS

The following general objections apply to each and every Interrogatory, in addition to any objections that are addressed to particular Interrogatories or subparts of particular Interrogatories:

1.     Defendant objects to each and every Interrogatory as premature to the extent the Interrogatory seeks information relating to issues other than class certification.  The CMO provides that "discovery to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (Dkt. No. 12 at § H.)  Accordingly, unless ordered by the Court, Defendant will not disclose at this time any documents or information on any issue other than class certification.

2.     Defendant objects to each and every Interrogatory to the extent that the Interrogatory purports, through definitions or otherwise, to impose burdens or duties on Defendant that exceed the scope of reasonable and permissible discovery or the requirements of the Federal Rules of Civil Procedure, or that are otherwise inconsistent with the Local Civil Rules of this District.

3.     Defendant objects to each and every Interrogatory to the extent that the Interrogatory seeks Defendant's confidential and/or proprietary information.

4.     Defendant objects to each and every Interrogatory to the extent that the Interrogatory seeks information protected by the privacy interests of third parties.

5.     Defendant objects to each and every Interrogatory to the extent that the Interrogatory seeks any information within the scope of the attorney-client privilege, work-product immunity, the mediation privilege, the right to privacy, the privileges against disclosure and use of confidential settlement communications or other confidential information, proprietary business material, trade secrets, self-evaluative privilege or which is otherwise privileged against or protected from discovery.  The inadvertent disclosure or identification of any such information is not intended to be, and will not constitute, a waiver of such privilege or immunity nor an agreement to produce such privileged or immune information.

6.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory is overly broad, unduly burdensome, oppressive, unreasonably cumulative, duplicative, or abusive.

7.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory calls for documents or information within the knowledge or possession of Plaintiffs or any third parties, or that are in the public domain or otherwise equally available to Plaintiffs.

8.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory is vague, ambiguous, unintelligible, compound, or complex.

9.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory is unlimited as to time, and thus calls for information that is overly broad, unduly burdensome, not reasonably likely to lead to discovery of admissible evidence, and not relevant to any party's claim or defense or proportional to the needs of the case.

10.     Defendant objects to each and every Interrogatory to the extent that the Interrogatory seeks information that is not relevant to the subject matter of this action, is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence, and/or is not relevant to any party's claim or defense nor proportional to the needs of the case.

11.     Defendant objects to each and every Interrogatory to the extent that it prematurely seeks expert discovery and/or opinions.

12.     Defendant objects to each and every Interrogatory to the extent that the Interrogatory assumes facts not in evidence and/or mischaracterizes or misstates facts and/or defenses appearing in the pleadings and/or prior discovery in this action.

13.     As of the date hereof, Defendant has not fully completed its investigation of the matters involved herein.  Consequently, these responses are based only upon such information and documents presently available, known to, or understood by Defendant, and are also informed by Section H of the CMO, which authorizes discovery of only class certification issues at this stage of the litigation.  Defendant reserves the right, but does not undertake the duty, to

supplement, alter or amend these responses as additional information becomes available to it, and if the case proceeds to the merits discovery phase.

14.     Defendant objects to the "Definitions" section of the Interrogatories, and all terminology and phraseology contained therein or as used in the Interrogatories (whether defined or undefined), to the extent such terms and phrases have legal connotations requiring legal interpretations, impose obligations on Defendant beyond what is required by applicable law, and are vague and ambiguous, or are otherwise unintelligible. To the extent Defendant responds to any Interrogatories, said responses should not be understood as an agreement as to the proper definition of any word or phrase therein, or that the definitions provided by Plaintiffs are necessarily acceptable or proper.   Defendant is willing to meet and confer with Plaintiffs regarding reasonable, mutually acceptable definitions for all purportedly defined and undefined terms used in the Interrogatories at a mutually convenient time upon request.

15.     Defendant objects to the "Instructions" section of the Interrogatories, and all terminology and phraseology contained therein or as used in the Interrogatories (whether defined or undefined), to the extent such terms and phrases impose obligations on Defendant beyond what is required by applicable law, rules, or Court orders or are vague, ambiguous, or otherwise unintelligible.  To the extent Defendant responds to the Interrogatories below, such response should not be understood as an agreement to abide by any instructions.  Defendant's responses and objections are made in accordance with applicable rules, law, orders, and local practice.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify all persons (including but not limited to current and former employees, current and former contractors, current and former vendors, current and former advertising agencies, current and former branding consultants, or persons paid by or otherwise receiving consideration from you) with responsibility for marketing the Rock 'n Play Sleeper.

**AMENDED RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to the Interrogatory on the grounds that it is overly broad in time and scope, and is therefore unduly burdensome. Defendant further objects to this Interrogatory on the grounds that the Interrogatory is compound. Defendant further objects to this Interrogatory on the grounds that the terms "contractors" and "vendors" and the phrase "with responsibility for marketing" are vague and ambiguous. Defendant further objects to this Interrogatory on the grounds that, due to its overbreadth and vague and ambiguous nature, it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and subject to Defendant's understanding of this Interrogatory and specifically, Defendant's understanding of "with responsibility for marketing," Defendant states that individuals who may have been involved in the marketing of the Rock 'n Play Sleeper include:

- Karen Balduf (current employee)
- Angelina Delecki (former employee)
- Tony DeSimone (former employee)
- Mike Fenn (former employee)
- Sarah Ford (current employee)
- Jenny Francis (current employee)
- Jody Gavin (current employee)
- Kathy Gill (former employee)
- Katie Heller (former employee)
- Erica Hewitt (former employee)
- Jordan Howell (former employee)
- Erik Jobson (current employee)
- Ian Johnston (former employee)
- Melissa Kustell (former employee)
- Aimee London (current employee)
- Lisa Mancuso (former employee)
- Theresa Martens (former employee)
- Angela Reeves (current employee)
- Allan Snider (former employee)
- Erika Walker (current employee)
- Cynthia Waruszewski (current employee)

All of the foregoing individuals may be contacted through counsel for Defendant.

The foregoing is based on Defendant's diligent inquiry and information that is reasonably accessible to Defendant at the time of the response. Defendant reserves the right, but does not undertake the duty, to supplement its response to this Interrogatory to the extent Defendant becomes aware of additional information responsive to this Interrogatory.

**INTERROGATORY NO. 2:**

Please identify all documents in your possession, custody or control concerning the marketing of the Rock 'n Play Sleeper.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to the Interrogatory on the grounds that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, or which is otherwise privileged against or protected from discovery. Defendant further objects to this Interrogatory to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendant further objects to this Interrogatory on the grounds that the phrase "concerning the marketing of" is vague, ambiguous, and overbroad. Defendant further objects to this Interrogatory to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

Dated: January 31, 2020                    **MANATT, PHELPS & PHILLIPS, LLP**

                                    BY: _____
                                        Craig J. de Recat
                                          Email: *cderecat@manatt.com*
                                        Matthew P. Kanny
                                          Email: *mkanny@manatt.com*
                                        Adrianne E. Marshack
                                          Email: *amarshack@manatt.com*
                                        11355 West Olympic Boulevard
                                        Los Angeles, CA 90064-1614
                                        (310) 312-4000

                                        **Goldberg Segalla, LLP**
                                        Cheryl A. Possenti
                                          Email: *cpossenti@goldbergsegalla.com*
                                        65 Main Street
                                        Buffalo, NY 14203
                                        (716) 566-5400

                                        Patrick B. Naylon
                                          Email: *pnaylon@goldbergsegalla.com*
                                        2 State St., Suite 1200
                                        Rochester, New York 14614
                                        (585) 295-5400

                                        Attorneys for Defendants
                                        FISHER-PRICE, INC., and MATTEL, INC.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 31, 2020, a true and correct copy of the foregoing document was served via email, pursuant to Fed. R. Civ. P. 5(b) and Section F of the Initial Case Management Order ("CMO") in this matter (Dkt. No. 12), on Plaintiffs' Liaison Counsel, which constitutes service on all other attorneys and parties for whom Plaintiffs' Liaison Counsel is acting, in accordance with Section E.2.a. of the CMO.

**Connors LLP**
Terrence M. Connors, Esq.
Email: *tmc@connorsllp.com*
Katherine G. Howard, Esq.
Email: *kgh@connorsllp.com*
1000 Liberty Building
Buffalo, New York 14202
Telephone: (716) 852-5533

Attorneys for Plaintiffs
*Liaison Counsel*

By: */s/ Adrianne E. Marshack*
       Adrianne E. Marshack

325757501.1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

IN RE: FISHER-PRICE ROCK 'N PLAY
SLEEPER MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

MDL No. 1:19-md-2903

This Document Relates To: ALL CASES

## DEFENDANT FISHER-PRICE, INC'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33(b) of the Federal Rules of Civil Procedure and the Local

Civil Rules of the United States District Court for the Western District of New York, Defendant

Fisher-Price, Inc. ("Fisher-Price" or "Defendant"), by its attorneys, Manatt, Phelps & Phillips,

LLP, hereby submits its amended responses to the Plaintiffs' First Set of Interrogatories to

Defendant Fisher-Price, Inc. (the "Interrogatories") propounded by Plaintiffs Elizabeth Alfaro,

Emily Barton, Linda Black, Luke Cuddy, Rebecca Drover, Megan Fieker, Karen Flores, Nancy

Hanson, Jena Huey, Samantha Jacoby, Megan Kaden, Candice Kimmel, Kerry Mandley,

Cassandra Mulvey, Joshua Nadel, Melanie Nilius Nowlin, Daniel Pasternacki, Brianna Persons,

Jessie Poppe, Katharine Shaffer, Emily Simmonds, Josie Willis, and Renee Wray (collectively

"Plaintiffs").

## PRELIMINARY STATEMENT

1.      Discovery is ongoing and Defendant has not yet completed its investigation of the

facts relating to this action or its preparation for trial. These responses are made in good faith

and after diligent inquiry into the facts and information now known to Defendant as well as its

present analysis of the case. Defendant anticipates that further discovery, research and analysis

may supply additional facts and additional meaning to known facts. Accordingly, Defendant

expressly reserves the right to make such additional or different responses as may be appropriate in light of further investigation.  Nothing in these responses shall limit or waive Defendant's right to provide additional responses or offer additional evidence at the time of any hearing or trial in this action or to provide information not yet obtained by or known to Defendant.

2. Each of the responses and objections set forth below are based on Defendant's reasonable understanding of the Interrogatories.  To the extent that Defendant asserts an interpretation of any demand that is inconsistent with the Plaintiffs' understanding, Defendant reserves the right to supplement its objections or responses.

3. In addition, the following responses are made solely for the purpose of the above-captioned action.  Each response is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality and admissibility) that would require the exclusion of any statement contained herein if the Interrogatories were asked of, or if any statement contained herein was made by, a witness present and testifying at trial. All such objections are reserved and may be interposed at the time of trial.

4. The following responses are subject to correction for inadvertent errors or omissions, if any such errors or omissions should be found to exist.  Moreover, inadvertent disclosure by Defendant of any documents or information protected by any privilege or immunity does not constitute a waiver of any such privilege or immunity, nor does such production waive any objection, including relevancy, to the admission of any such document or information into evidence.

5. That any of the Interrogatories have been answered should not be taken as an admission or acceptance of any fact alleged in the Consolidated Amended Complaint or in this litigation, nor should it be construed as an admission that such information is relevant to the subject matter of this litigation or constitutes admissible evidence.

6. All information contained in these responses is subject to the terms and conditions of the Case Management Order ("CMO") entered by the Court on September 20, 2019 (Dkt. No.

12), and Stipulated Protective Order entered by the Court in this action on October 21, 2019 (Dkt. No. 18) (the "Protective Order").

## GENERAL OBJECTIONS

The following general objections apply to each and every Interrogatory, in addition to any objections that are addressed to particular Interrogatories or subparts of particular Interrogatories:

1.      Defendant objects to each and every Interrogatory as premature to the extent the Interrogatory seeks information relating to issues other than class certification.  The CMO provides that "discovery to class certification issues [will] take place prior to discovery on all other issues, including liability issues."  (Dkt. No. 12 at § H.)  Accordingly, unless ordered by the Court, Defendant will not disclose at this time any documents or information on any issue other than class certification.

2.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory purports, through definitions or otherwise, to impose burdens or duties on Defendant that exceed the scope of reasonable and permissible discovery or the requirements of the Federal Rules of Civil Procedure, or that are otherwise inconsistent with the Local Civil Rules of this District.

3.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory seeks Defendant's confidential and/or proprietary information.

4.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory seeks information protected by the privacy interests of third parties.

5.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory seeks any information within the scope of the attorney-client privilege, work-product immunity, the mediation privilege, the right to privacy, the privileges against disclosure and use of confidential settlement communications or other confidential information, proprietary business material, trade secrets, self-evaluative privilege or which is otherwise privileged against

or protected from discovery.  The inadvertent disclosure or identification of any such information is not intended to be, and will not constitute, a waiver of such privilege or immunity nor an agreement to produce such privileged or immune information.

6.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory is overly broad, unduly burdensome, oppressive, unreasonably cumulative, duplicative, or abusive.

7.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory calls for documents or information within the knowledge or possession of Plaintiffs or any third parties, or that are in the public domain or otherwise equally available to Plaintiffs.

8.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory is vague, ambiguous, unintelligible, compound, or complex.

9.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory is unlimited as to time, and thus calls for information that is overly broad, unduly burdensome, not reasonably likely to lead to discovery of admissible evidence, and not relevant to any party's claim or defense or proportional to the needs of the case.

10.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory seeks information that is not relevant to the subject matter of this action, is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence, and/or is not relevant to any party's claim or defense nor proportional to the needs of the case.

11.      Defendant objects to each and every Interrogatory to the extent that it prematurely seeks expert discovery and/or opinions.

12.      Defendant objects to each and every Interrogatory to the extent that the Interrogatory assumes facts not in evidence and/or mischaracterizes or misstates facts and/or defenses appearing in the pleadings and/or prior discovery in this action.

13.      As of the date hereof, Defendant has not fully completed its investigation of the matters involved herein.  Consequently, these responses are based only upon such information and documents presently available, known to, or understood by Defendant, and are also informed

by Section H of the CMO, which authorizes discovery of only class certification issues at this stage of the litigation.  Defendant reserves the right, but does not undertake the duty, to supplement, alter or amend these responses as additional information becomes available to it, and if the case proceeds to the merits discovery phase.

14.     Defendant objects to the "Definitions" section of the Interrogatories, and all terminology and phraseology contained therein or as used in the Interrogatories (whether defined or undefined), to the extent such terms and phrases have legal connotations requiring legal interpretations, impose obligations on Defendant beyond what is required by applicable law, and are vague and ambiguous, or are otherwise unintelligible. To the extent Defendant responds to any Interrogatories, said responses should not be understood as an agreement as to the proper definition of any word or phrase therein, or that the definitions provided by Plaintiffs are necessarily acceptable or proper.   Defendant is willing to meet and confer with Plaintiffs regarding reasonable, mutually acceptable definitions for all purportedly defined and undefined terms used in the Interrogatories at a mutually convenient time upon request.

15.     Defendant objects to the "Instructions" section of the Interrogatories, and all terminology and phraseology contained therein or as used in the Interrogatories (whether defined or undefined), to the extent such terms and phrases impose obligations on Defendant beyond what is required by applicable law, rules, or Court orders or are vague, ambiguous, or otherwise unintelligible.  To the extent Defendant responds to the Interrogatories below, such response should not be understood as an agreement to abide by any instructions.  Defendant's responses and objections are made in accordance with applicable rules, law, orders, and local practice.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1:**

Please identify all persons (including but not limited to current and former employees, current and former contractors, current and former vendors, current and former advertising agencies, current and former branding consultants, or persons paid by or otherwise receiving consideration from you) with responsibility for marketing the Rock 'n Play Sleeper.

## AMENDED RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to the Interrogatory on the grounds that it is overly broad in time and scope, and is therefore unduly burdensome. Defendant further objects to this Interrogatory on the grounds that the Interrogatory is compound. Defendant further objects to this Interrogatory on the grounds that the terms "contractors" and "vendors" and the phrase "with responsibility for marketing" are vague and ambiguous. Defendant further objects to this Interrogatory on the grounds that, due to its overbreadth and vague and ambiguous nature, it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and subject to Defendant's understanding of this Interrogatory and specifically, Defendant's understanding of "with responsibility for marketing," Defendant states that individuals who may have been involved in the marketing of the Rock 'n Play Sleeper include:

- Karen Balduf (current employee)
- Angelina Delecki (former employee)
- Tony DeSimone (former employee)
- Mike Fenn (former employee)
- Sarah Ford (current employee)
- Jenny Francis (current employee)
- Jody Gavin (current employee)
- Kathy Gill (former employee)
- Katie Heller (former employee)
- Erica Hewitt (former employee)
- Jordan Howell (former employee)
- Erik Jobson (current employee)
- Ian Johnston (former employee)
- Melissa Kustell (former employee)
- Aimee London (current employee)
- Lisa Mancuso (former employee)
- Theresa Martens (former employee)
- Angela Reeves (current employee)
- Allan Snider (former employee)
- Erika Walker (current employee)
- Cynthia Waruszewski (current employee)

All of the foregoing individuals may be contacted through counsel for Defendant.

The foregoing is based on Defendant's diligent inquiry and information that is reasonably accessible to Defendant at the time of the response. Defendant reserves the right, but does not undertake the duty, to supplement its response to this Interrogatory to the extent Defendant becomes aware of additional information responsive to this Interrogatory.

**INTERROGATORY NO. 2:**

Please identify all documents in your possession, custody or control concerning the marketing of the Rock 'n Play Sleeper.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to the Interrogatory on the grounds that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, or which is otherwise privileged against or protected from discovery. Defendant further objects to this Interrogatory to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendant further objects to this Interrogatory on the grounds that the phrase "concerning the marketing of" is vague, ambiguous, and overbroad. Defendant further objects to this Interrogatory to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

Dated: January 31, 2020

**MANATT, PHELPS & PHILLIPS, LLP**

BY:

Craig J. de Recat
  Email: *cderecat@manatt.com*
Matthew P. Kanny
  Email: *mkanny@manatt.com*
Adrianne E. Marshack
  Email: *amarshack@manatt.com*
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
(310) 312-4000

**Goldberg Segalla, LLP**
Cheryl A. Possenti
  Email: *cpossenti@goldbergsegalla.com*
65 Main Street
Buffalo, NY 14203
(716) 566-5400

Patrick B. Naylon
  Email: *pnaylon@goldbergsegalla.com*
2 State St., Suite 1200
Rochester, New York 14614
(585) 295-5400

Attorneys for Defendants
FISHER-PRICE, INC., and MATTEL, INC.

## CERTIFICATE OF SERVICE

I certify that on January 31, 2020, a true and correct copy of the foregoing document was served via email, pursuant to Fed. R. Civ. P. 5(b) and Section F of the Initial Case Management Order ("CMO") in this matter (Dkt. No. 12), on Plaintiffs' Liaison Counsel, which constitutes service on all other attorneys and parties for whom Plaintiffs' Liaison Counsel is acting, in accordance with Section E.2.a. of the CMO.

**Connors LLP**
Terrence M. Connors, Esq.
Email: *tmc@connorsllp.com*
Katherine G. Howard, Esq.
Email: *kgh@connorsllp.com*
1000 Liberty Building
Buffalo, New York 14202
Telephone: (716) 852-5533

Attorneys for Plaintiffs
*Liaison Counsel*

By: */s/ Adrianne E. Marshack*
      Adrianne E. Marshack

325757498

-9-