UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ROCK 'N PLAY SLEEPER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:19-md-2903<br><br>Hon. Geoffrey W. Crawford<br><br>This Document Relates to: ALL CASES |

## PLAINTIFFS' FIRST EXPEDITED DISCOVERY MOTION

Plaintiffs move pursuant to ¶ 10 of the January 17, 2020 Entry Order (ECF 34) for an Order compelling Defendants to comply with their discovery obligations. As set forth below, Defendants have flouted the Court's discovery orders and their own representations to the Court on the record at the December 9, 2019 status conference.

**1. Defendants Have Not Searched their Electronically Stored Information (ESI).** W.D.N.Y. Local Rule 26(e)(1) provides "the parties shall search their documents, including ESI…and produce relevant responsive ESI in accordance with Fed.R.Civ.P. 26(b)(2)." Despite the lengthy discussion of ESI at the December 9, 2019 status conference, on January 17, 2020, Defendants informed counsel *for the very first time* during a meet and confer that Defendants have not searched any of their ESI or e-mails for potentially responsive documents because they believe it is outside the scope of class certification discovery. Relevant e-mails exist because some were incidentally included in Defendants' production to Congress which was turned over to Plaintiffs. Defendants' unilateral refusal to search their ESI is outrageous.

**2. Defendants Have Not Provided Plaintiffs With ESI Search Terms.** Plaintiffs first proposed search terms on November 8, 2019. *See* Ex. A. In the December 23 Discovery Order (ECF 30) at 9, the Court admonished that it "anticipates that the parties will move expeditiously to complete the ESI search term discussion.." Plaintiffs sent Defendants letters about search terms on December 30, 2019 (Ex. B); January 10, 2020 (Ex. C); and January 14, 2020 (Ex. D).

But Defendants have still not engaged in a substantive discussion.[1] Nor have Defendants informed Plaintiffs of their document retention and recordkeeping policies or done other things they agreed to do on the record at the December 9, 2019 hearing. *See* Ex. E; Ex. C § 3.

**3. Defendants Have Not Complied with the January 15, 2020 Production Deadline.**

The parties were ordered to complete production of documents responsive to initial discovery requests by January 15, 2020. *See* CMO (ECF 12) at 8. Defendants represented on the record that they would comply. *See* Ex. F; *see also* January 17, 2020 Entry Order at 2 (confirming their representation). By refusing to search ESI and e-mails at all, Defendants have *ipso facto* failed to comply with the January 15 deadline. Further, Defendants' January 15, 2020 email transmitting their discovery production concedes that it is not complete. *See* Ex. G. Among other things, Defendants have not produced all CPSC correspondence as ordered by the Court. *See id.*

**4. Defendants Refuse to Amend their Discovery Responses and Objections.** *See* Ex. H. Defendants must do so to reflect the Court's December 23 Order about the scope of class certification discovery. Defendants' boilerplate objections do not inform Plaintiffs as to which specific demands Defendants have produced documents, as to which specific demands Defendants continue to maintain objections, and whether Defendants are withholding any potentially responsive documents. *See Fischer v. Forrest*, Case No. 14-1304, 2017 U.S. Dist. LEXIS 28102 (S.D.N.Y. Feb. 28, 2017).

Defendants' continued reliance on discovery bifurcation as an excuse for their noncompliance shows bifurcation may be unworkable if Plaintiffs are to comply with their April 1 class certification motion deadline. Plaintiffs respectfully ask the Court to enter an order directing Defendants to comply in good faith with their discovery obligations with dates certain.

---

[1] On January 17, Defendants belatedly agreed to propose search terms by January 22. Given Defendants' past failures to comply with their discovery obligations, in the interest of saving time, Plaintiffs seek a Court order directing Defendants to agree to ESI search terms.

Dated:  January 21, 2020

                         **CONNORS LLP**

                         /s/ Terrence M. Connors
                         Terrence M. Connors
                         Katherine G. Howard
                         1000 Liberty Building
                         Buffalo, NY 14202
                         (716) 852-5533
                         tmc@connorsllp.com
                         kgh@connorsllp.com

                         *Plaintiffs' Liaison Counsel*

                         **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
                         Demet Basar
                         Daniel Tepper
                         Kate McGuire
                         270 Madison Ave.
                         New York, New York 10016
                         (212) 545-4600
                         basar@whafh.com
                         tepper@whafh.com
                         mcguire@whafh.com

                         *Plaintiffs' Lead Counsel*

807801